IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

BETSY ROSS, *et al.*,

Plaintiffs,

v.

CIVIL NO.: WDQ-11-0181

CECIL COUNTY DEPARTMENT OF SOCIAL SERVICES, *et al.*,

Defendants.

* * * * * * * * * * * * *

MEMORANDUM OPINION

Betsy Ross, for herself and as next friend of minor K.R., sued the Cecil County Department of Social Services ("CCDSS") and others (collectively, "the defendants") for federal and state constitutional violations and tort claims. For the following reasons, Ross's unopposed motion for leave to file a second amended complaint will be granted. The defendants' motions to dismiss the complaint and amended complaint will be denied as moot.[1]

I. Background

On January 21, 2011, Ross, individually and as a representative of minor K.R., sued CCDSS, Nicholas Ricciuiti, director of CCDSS, and Mary Klesius, a CCDSS official, alleging federal civil rights violations, Maryland torts, and breach of contract. ECF No. 1. Ross claimed that the defendants wrongly

[1] Defendants Mary Klesius and Nicholas Ricciuiti's motion to seal exhibits, ECF No. 28, will be granted.

removed foster children, including K.R., who was being adopted by Ross, from her care and prevented her from fostering other children. *See* ECF No. 1 ¶¶9-15.

On July 14, 2011, CCDSS, Klesius and Riccuiti moved to dismiss the complaint for failure to serve it within 120 days of filing. ECF No. 8. On August 8, 2011, the same defendants filed and served a second motion to dismiss, contending that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(6). ECF No. 18 at 1-2. On August 25, 2011, Ross filed an amended complaint, eliminating one of the tort claims, adding federal civil conspiracy and First Amendment claims and a Maryland constitutional claim. ECF No. 19. The amended complaint also removed CCDSS as a defendant and added Latonya Cotton, Rebecca Sutton, Kim Compton, Tina Linkous, Sue Bailey, Barbara Sicliano, and Helen Murray-Miller as defendants. ECF No. 21 at 1-2.

On September 22, 2011, Klesius and Riccuiti moved to dismiss the amended complaint.[2] ECF No. 26. On October 10, 2011, Bailey, Compton, Cotton, Linkous, Murray-Miller, and Sutton moved to dismiss the amended complaint. ECF No. 32. On October 18, 2011, Sicliano moved to dismiss the amended complaint. ECF No. 33.

[2] They moved to seal their exhibits and memorandum in support of the motion to dismiss. ECF No. 28.

On November 18, 2011, Ross opposed the motions to dismiss the amended complaint.[3] ECF No. 40. On December 5, 2011, the defendants filed a reply in support of the motions to dismiss the amended complaint. ECF No. 42.

On December 21, 2011, Ross moved for leave to file a second amended complaint. ECF No. 43. The defendants did not oppose the motion.

The second amended complaint eliminates the civil conspiracy claim and adds facts that Ross asserts support her claims. *See* ECF No. 43 Attach. 6 at 19; ECF No. 43 Attach. 1 at 1-2.

II. Analysis

A. Motions to Dismiss the Complaint

Under Fed. R. Civ. P. 15(a)(1), a party may amend her pleading once as a matter of course within 21 days after service of a motion under Rule 12(b).

Ross filed her first amended complaint 17 days after she was served with the second motion to dismiss. ECF No. 18; ECF No. 19. Accordingly, she did not need the Court's leave or defendants' consent to amend, and the amended complaint was properly filed. *See* Fed. R. Civ. P. 15(a)(1).

---

[3] In her response, Ross did not oppose Klesius and Riccuiti's motion to dismiss, *see* ECF No. 40 at 1, but she referenced that motion in her opposition to the motions to dismiss, ECF No. 40 Attach. 1 at 3. Ross also filed a sealed exhibit without moving to seal. ECF No. 41.

The defendants' motions to dismiss the original complaint, ECF NO. 8, 18, will be denied as moot.

B. Motion For Leave to File Second Amended Complaint

Under Fed. R. Civ. P. 15(b), a party may amend its pleading if the opposing party gives written consent, or the Court permits the amendment. The Court will allow amendment when justice requires, and may consider such factors as prejudice to the other parties and whether amendment would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).[4] Leave to amend will only be denied as futile when the amended motion would not survive a motion to dismiss. *United States ex. Rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). The Court thus determines futility under the standard of Fed. R. Civ. P. 12(b). *Id.*

The Court may also deny leave to amend when the plaintiff has had substantial discovery or has already filed several amended complaints. *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474,

[4] Although *Johnson* provides general guidance on granting leave to amend pleadings, its standard of "deni[al] on the ground of futility when the proposed amendment is *clearly insufficient or frivolous* on its face," 785 F.2d at 510 (emphasis added), has been superseded. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) redefined the standard for dismissal under Fed. R. Civ. P. 12(b)(6), which governs the Court's futility determination. *See Wilson*, 525 F.3d at 376.

480 (4th Cir. 2006).[5] When there is evidence that the plaintiff filed the motion in bad faith or "dilatory motive," or has repeatedly failed to "cure deficiencies by amendments previously allowed," denial is proper. *Id.*

The defendants have not opposed the motion for leave to file a second amended complaint. Discovery has not been scheduled in this case, and a trial date has not been set. The second amended complaint adds no new causes of action or defendants. *See* ECF No. 43 Attach. 6 (redlined second amended complaint). There has been no significant delay in seeking leave to amend, and there is no evidence of Ross's bad faith.

Accordingly, the Court will grant Ross leave to file a second amended complaint. The second amended complaint moots the defendants' motions to dismiss the amended complaint. If the defendants believe the second amended complaint fails to state a claim against them, they may move to dismiss that document.

---

[5] *See also Nat'l Bank of Wash. v. Pearson*, 863 F.2d 322, 327-28 (4th Cir. 1988) (District court properly denied leave to amend when "there [was] ample evidence of undue delay, bad faith, and prejudice" because the movant waited four years after the claim was brought, until the conclusion of discovery, to move to amend its complaint to assert a new affirmative defense and provided no explanation for the delay).

III. Conclusion

For the reasons stated above, the motion for leave to file a second amended complaint will be granted. The motions to dismiss the complaint and amended complaint will be denied as moot.

1/30/12
Date

William D. Quarles, Jr.
United States District Judge