# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BETSY ROSS | : | |
| 122 Mincing Lane | : | |
| Elkton, Maryland 21921 | : | Case No. 1:11-CV-00181-WDQ |
| | : | |
| -and- | : | |
| | : | |
| BETSY ROSS AS NEXT FRIEND OF | : | |
| MINOR K.R. | : | |
| 122 Mincing Lane | : | |
| Elkton, Maryland 21921 | : | **JURY TRIAL REQUESTED** |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -vs- | : | |
| | : | |
| | : | |
| NICHOLAS ~~RICCUITI~~RICCIUTI | : | |
| In his official capacity at_____ : | | |
| Cecil County Department of Social Services _____: | | |
| 325 Fell Road | : | |
| Rising Sun, Maryland 21911-2079 | : | |
| | : | |
| -and- | : | |
| | : | |
| MARY KLESIUS | : | |
| In her individual and official capacity at_____ : | | |
| Cecil County Department of Social Services _____: | | |
| 8 Vince Court | : | |
| Elkton, Maryland 21921-4967 | : | |
| | : | |
| -and- | : | |
| | : | |
| LATONYA COTTON | : | |
| In her individual and official capacity at_____ : | | |
| Cecil County Department of Social Services _____: | | |
| 401 High Street | : | |
| Chestertown, Maryland 21620-1311 | : | |
| | : | |
| -and- | : | |
| | : | |
| REBECCA SUTTON | : | |
| In her individual and official capacity at_____ : | | |

Cecil County Department of Social Services _____ :
41 Lakeview Drive                                :
Rising Sun, Maryland 21911-1651                  :
                                                 :
       -and-                                     :
                                                 :
KIM COMPTON                                      :
In her individual and official capacity at_____:
Cecil County Department of Social Services _____ :
District Court Building                          :
Elkton, Maryland 21921                           :
_____ :
       -and-                                     :
                                                 :
TINA LINKOUS                                      :
In her individual and official capacity at_____:
Cecil County Department of Social Services _____ :
2 Lansdown Court                                 :
Elkton, Maryland 21921                           :
                                                 :
       -and-                                     :
                                                 :
SUE BAILEY                                        :
In her individual and official capacity at_____:
Cecil County Department of Social Services _____ :
40 Deer Run Road                                 :
Chesapeake, Maryland 21915            _____ :
                                                 :
       -and-                                     :
                                                 :
BARBARA ~~SICLIANO~~SICILIANO                     :
In her individual and official capacity at_____:
Cecil County Department of Social Services _____ :
District Court Building                          :
Elkton, Maryland 21921                           :
_____ :
       -and-                                     :
                                                 :
HELEN MURRAY-MILLER                              :
In her individual and official capacity          :
Department of Human Resources – Social Services :
The Talmadge Branch Building                     :
1910 North Broadway Street                       :
Baltimore, Maryland 21213                        :
                         Defendants.             :

## SECOND AMENDED COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS, FOR RELIEF UNDER 42 U.S.C. § 1983 AND FOR OTHER RELIEF

COMES NOW, ~~plaintiff~~Plaintiffs, Betsy Ross and Betsy Ross as next friend of minor K.R., by ~~her~~their attorney Daniel L. Cox, The Cox Law Center, LLC, and ~~sues defendants~~sue Defendants under the laws, statutes and common law of the United States, the common law of Maryland, and pertinent statutory Codes, and for ~~her~~their Second Amended Complaint against Defendants, ~~states~~state as follows:

1.     This action arises from ~~Defendant's~~Defendants' illegal violation of ~~Plaintiff's~~Plaintiffs' rights to privacy and due process and the protections guaranteed to ~~Plaintiff~~Plaintiffs under the ~~protections~~provisions of ~~U.S.~~United States and Maryland statutory Codes among other violations ~~following the~~.  Offending events occured surrounding an investigation into Plaintiff Ross by the Cecil County Department of Social Services ~~(~~("CCDSS~~)~~") and its agents, Defendants, and subsequent and ongoing legal actions, policies and practices as well as the disclosure by ~~the Cecil County Department of Social Services~~Defendants, agents of CCDSS, of information protected by a settlement agreement between the parties and violations of the terms of that agreement.

## PARTIES

2.     Plaintiff Betsy Ross is a former president of the Cecil County Foster Parent Association ("CCFPA") and former foster parent.

3.     Defendant Nicholas ~~Riccuiti~~Ricciuti is the Director of CCDSS, and is sued in his official capacity.

4.     Defendant Mary Klesius was the CCDSS Supervisor of foster care services, and is sued in her official and individual capacity.

5.     Defendant LaTonya Cotton is a social service worker with the CCDSS, and is sued in her official and individual capacity.

6.     Defendant Rebecca Sutton is a social service worker with the CCDSS, and is sued in her official and individual capacity.

7.     Defendant Kim Compton is a social service worker with the CCDSS, and is sued in her official and individual capacity.

8.     Defendant Tina Linkous is the Adoption Coordinator for CCDSS, and is sued in her official and individual capacity.

9.     Defendant Susan Bailey is the Assistant Director of Services for CCDSS, and is sued in her official and individual capacity.

10.     Defendant BarBara SicilianoBarbara Siciliano is a social worker and supervisor at CCDSS, and is sued in her individual and official capacity.

11.     Defendant Helen Murray-Miller is a foster care licensing coordinator for the Maryland Department of Human Resources, ("MDHHR"), Social Services Department, and is sued in her individual and official capacity.

## JURISDICTION AND VENUE

12.     The courtThis Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Fourth and Fourteenth Amendments to the United States Constitution; under 28 U.S.C. § 1343(a)(3), in that it is brought to redress deprivations, under color of law, of rights, privileges and immunities secured by the United States Constitution; under 28 U.S.C. § 1367(a), in that the state law claims raised are so related to the federal claims that thethey form part of the same case or controversy; and under 28 U.S.C. § 1343(a)(4), in that it seeks to recover damages and secure equitable relief under an Act of Congress, specifically, 42 U.S.C. § 1983, which provides a cause of action for the protection of civil rights.

13.     The venue in this action is proper within this judicial district and division pursuant to 28 U.S.C. § 1391(b)(2) and Md. D. Local Rule 501(4)(a)(i), in that all of the facts giving rise to Plaintiffs' claims asserted by Plaintiff arisearose within this judicial district and the principal offices of the Defendant governmental parties are within this judicial district.

## FACTS

14.     That in In or around July through August 2008, on information and belief Plaintiff Ross discovered that the CCDSS, through the actions of MaryDefendant Klesius, was placing and managing unspent State funds into the CCFPA checking account, and began taking steps to report this apparently unlawful practice by asking Mary Klesius for copies of all CCFPA bank

statements, by not immediately agreeing to expend said funds as requested by Mary Klesius, and by making a complaint ~~within Cecil County Department of Social Services leadership, namely, to Mary Klesius~~to the Ombudsman for the MDDHR, John Bertulis.

15.   ~~That on or about~~On August 15, 2008, at 1:30pm, Mary Klesius ~~informed Plaintiff~~and Rebecca Sutton pulled Plaintiff Ross out of a foster parent association meeting and informed her that CCDSS was removing ~~Plaintiff's~~her foster care children and that ~~Plaintiff~~she would be further investigated.

16.   That on or about September 10, 2008, Ombudsman John Bertulis began investigating CCDSS.

~~16.~~17.  On or about August 15, 2008, CCDSS began investigating Plaintiff Ross.

~~17.~~18.  ~~That on~~On or about August 15, 2008, at 3:10pm, Defendant ~~Tina~~Linkous reported allegations of neglect against Plaintiff. Ross by calling in a neglect report while driving in Pennsylvania on return from a Friday four (4) hour round-trip "interview" of a ten (10) year old former foster child in Plaintiff Ross's home, known to have a habit of telling wild and imaginative stories not based in any truth.

19.   ~~That on~~CCDSS had previously approved the use of Plaintiff Ross's pool at her home for several years.  CCDSS never expressed disapproval of the pool, never asked Plaintiff Ross to keep the children away from the pool, and never required Plaintiff Ross to stop using the pool. Even after CCDSS replaced Plaintiff K.R. in Plaintiff Ross's care, CCDSS continued to allow Plaintiff Ross to use her pool.

~~18.~~20.  On or ~~about~~around August 15, 2008, ~~Defendants~~at 1:30pm, Tina Linkous and Mary Klesius decided, based on allegations of neglect, that ~~Plaintiff's~~Plaintiff Ross's foster children, along with her minor-adoptee child K.R., must be removed from ~~her home~~Plaintiff Ross's home. Plaintiff Ross's adopted child, adopted only two and a half months prior, and her biological child were not removed.

~~19.~~21.  ~~That on~~At or about August 15, 2008, at 4:30pm, CCDSS and its agents, Defendants ~~Rebecca~~Sutton, ~~Latonya~~Cotton, and ~~Kim~~Compton, removed Plaintiff Ross's foster children J.C., J.C., K.C. and I.K.D. from ~~Plaintiff's~~Plaintiff Ross's care and control without ~~permission~~valid consent, a warrant, or ~~any indication~~probable cause or ~~belief of serious,~~evidence that any child was being abused or in immediate danger. of serious harm.

~~20.~~22. ~~That on~~On or about August 15, 2008, at 4:30pm, CCDSS and its agents, Defendants ~~Rebecca~~ Sutton, ~~Latonya~~ Cotton, and ~~Kim~~ Compton, removed ~~the~~Plaintiff Ross's minor adoptee-child, Plaintiff K.R., who was in ~~Plaintiff's~~Plaintiff Ross's full legal custody, care, and control, ~~from Plaintiff's~~and three (3) days away from the adoption finalization hearing, from Plaintiff Ross's care and control without ~~permission~~valid consent, a warrant, or ~~any indication or belief of serious,~~probable cause or evidence that Plaintiff K.R. was being abused or in immediate danger~~.~~ of serious harm.

23.    ~~That in~~Plaintiff Ross did not waive her Fourth Amendment rights or validly consent to Defendants entering her home.

24.    Plaintiffs reasonably expected, at all times, that their property and family would remain private within Plaintiff Ross's home.

~~21.~~25. In a meeting with Plaintiff ~~sometime after August 15~~Ross on or about September 17, 2008, Defendant ~~Barbara Siciliano~~Siciliano verbally expressed her support for the actions of Defendant Klesius in removing the children from ~~Plaintiff's~~Plaintiff Ross's home.

26.    ~~That on~~On or about September 28, 2008, CCDSS replaced Plaintiff Ross's adoptee child, Plaintiff K.R. in Plaintiff Ross's home, and set another adoption finalization hearing for two (2) weeks later on October 15, 2008.

~~22.~~27. On or about January 21, 2010, following the revelation of apparently false and contradictory testimony by agents of CCDSS, a settlement agreement was reached between Plaintiff Ross and CCDSS, as represented by counsel, that Ruled Out the false allegations against her and required CCDSS and its agents to maintain complete confidentiality regarding its findings and to forever cease and desist from making any negative or disparaging statements about Plaintiff Ross. (This settlement agreement is attached and incorporated herewith as **EXHIBIT A**).

~~23.~~28. ~~That at this time, because~~As part of ~~irreconcilable differences~~the settlement of all remaining issues, Plaintiff Ross offered to relinquish her CCDSS foster care home license voluntarily, since her application to become a privately certified and licensed foster care provider was pending with "The Arc – Northern Chesapeake Region" ("The Arc"), a private foster care association~~.~~, as Plaintiff Ross had previously been informed that a license should not be a problem for her to obtain.

24.29. ~~That~~On information and belief, sometime before March 18, 2010, Defendant Helen Murray-Miller, acting as an agent of both MDDHR and the CCDSS foster care authority, communicated to The Arc the false information, supplied to her by CCDSS, that Plaintiff ~~and CCDSS~~Ross still had "unresolved issues" with CCDSS that would prevent The Arc from granting Plaintiff Ross a private license.

25.30. ~~That on~~On or about March 18, 2010, The Arc sent Plaintiff Ross a letter stating, in part, "following consultation with our licensed monitor from Department of Human Resources . . . The unresolved and high profile nature of your current situation with several entities determines that it is not a good time to proceed with a home study."

26.31. This letter denied ~~Plaintiff's~~Plaintiff Ross's application for a home study and told Plaintiff she could only re-apply "once your ~~issue~~issues with Cecil County Department of Social Services are resolved to our mutual satisfaction." (This letter is attached and incorporated herewith as **EXHIBIT B**~~)~~).

27.32. ~~That following~~Following the settlement agreement of January 21, 2010, all CPS allegations had been Ruled Out and expunged, and no unresolved issues regarding any further investigations existed between Plaintiff Ross and CCDSS.

28.33. ~~That~~On information and belief, Defendant ~~Nicholas Riccuiti~~Ricciuti, in his capacity as ~~director~~Director of CCDSS, and Defendant Susan Bailey, in her capacity as ~~a supervisor~~Assistant Director of Services at CCDSS, were and still are responsible for controlling and directing the policies of CCDSS and the actions of its agents, including all other Defendants.

29.34. ~~That~~On information and belief, Defendant ~~Riccuiti~~Ricciuti has maintained control over a policy of taking agency action against individuals to prevent them from harming the agency by whistle-blowing.

30.35. ~~That Plaintiff has~~Plaintiffs have suffered from these actions by Defendants and ~~continues~~continue to suffer ongoing damage, particularly because Defendants' actions are all capable of repetition and are in fact being repeated in an ongoing manner to deprive ~~Plaintiff~~Plaintiffs of ~~her~~their rights.

## ~~FIRST CAUSE OF ACTION:~~
## Count I
## RELIEF UNDER ACT OF CONGRESS
## 42 U.S.C. § 1983

31.36.  Plaintiffs'Plaintiffs hereby incorporate by reference all foregoing allegations as if set forth fully herein.

32.37.  All acts alleged herein of Defendants were done under the color and pretense of statutes and regulations of the State of Maryland.

33.38.  Defendants deprived Plaintiffs'Plaintiffs' of rights and immunities secured by the Constitution and laws of the United States.

34.39.  Defendants' actions violated Plaintiff'sPlaintiffs' rights as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

35.40.  Defendants' actions unconstitutionally deprived Plaintiffs'Plaintiffs' of their rights to privacy and due process.

36.41.  Defendants' actions caused Plaintiff emotional distress and great loss of personal wealth through legal expenses; deprived Plaintiff Ross of her previous and future employment, and her guardianship and parental rights; and violated the peace and safety of Plaintiffs'Plaintiffs' persons and home through an illegal search and seizure.

37.42.  As a legal consequence of Defendants' actions, and in accordance with the provision of the Act of Congress 42 U.S.C. § 1983, Plaintiffs'Plaintiffs are entitled to recover damages.

38.43.  Plaintiffs'Plaintiffs have suffered and continuescontinue to suffer ongoing and irreparable harm from Defendants'Defendants' actions, and isare under threat of future, repeated conduct from Defendants, and isare therefore entitled to injunctive and declaratory relief.

**SECOND CAUSE OF ACTION:**
**Count II**
**VIOLATION OF THE FOURTH AMENDMENT**
**OF THE UNITED STATES CONSTITUTION**
**PRIVACY**

39.44.  Plaintiffs'Plaintiffs hereby incorporate by reference all foregoing allegations as if set forth fully herein.

40.45.  Defendants invaded Plaintiffs'Plaintiffs' privacy by intruding upon her solitude.violating their reasonable expectation of privacy.

46.    The entry by Plaintiffs had a reasonable expectation of privacy in Plaintiff Ross's home. Society readily accepts that the home is protected as private and should be safe from intrusion.

47.    Defendants' agents, namely Defendants Mary Klesius, Rebecca Sutton, Latonya Cotton,

and ~~Kim~~ Compton, ~~onto Plaintiff's property~~ entered Plaintiff Ross's home without ~~permission or valid consent,~~ a warrant ~~and without any indication or belief of serious~~, exigent circumstances, or probable cause that the children were in immediate danger of serious injury, and removed the children.

~~41.~~48. Defendants' entry was an ~~unconstitutional~~unreasonable intrusion into ~~Plaintiff's solitude~~Plaintiff Ross's home and an invasion of ~~her~~Plaintiffs' privacy in violation of the Fourth Amendment.

~~42.     The removal by Defendants' agents, Defendants Mary Klesius, Rebecca Sutton, Latonya Cotton, and Kim Compton, of the minor child in Plaintiff's legal care, custody and control from Plaintiffs' home and property without permission or a warrant and without any indication or belief of serious immediate danger was an unconstitutional intrusion into Plaintiffs' solitude and an invasion of her privacy.~~

~~43.     Plaintiffs' possessed a reasonable expectation that their property and family would remain private within their home.~~

~~44.     Society readily accepts that an individual's home is protected as private and should be safe from intrusion.~~

~~45.~~49. As a result of Defendants' policies and actions, ~~Plaintiffs'~~Plaintiffs are suffering irreparable harm for which there is no adequate remedy at law.

~~46.~~50. As a legal consequence of Defendants' violation of Plaintiffs' Fourth Amendment rights, as alleged above, ~~Plaintiffs'~~Plaintiffs have suffered and continues to suffer ongoing and irreparable harm, and is also under threat of future, repeated conduct from Defendants, and is entitled to injunctive and declaratory relief.

**~~THIRD CAUSE OF ACTION:~~**
**Count III**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**OF THE UNITED STATES CONSTITUTION, AND**
**VIOLATION OF ARTICLE 24**
**OF THE MARYLAND DECLARATION OF RIGHTS**
**PROCEDURAL DUE PROCESS**

~~47.~~51. ~~Plaintiffs'~~Plaintiffs hereby incorporate by reference all foregoing allegations as if set forth fully herein.

52.     Plaintiff Ross had a procedural due process expectation that Defendants would send

notice, initiate an investigation, and receive evidence of abuse or immediate danger to a foster child before removing the children from Plaintiff Ross's home.

48.53.  Defendants and their agents Mary, Defendants Klesius, Rebecca Sutton, LaTonya Cotton, and Kim Compton, violated Plaintiffs'Plaintiff Ross's right to procedural due process under the Fourteenth Amendment to the United States Constitution and Article 24 of the Maryland Declaration of Rights by entering theirPlaintiff Ross's house and removing the children, including Plaintiff K.R., without gaining Plaintiff Ross' consent, or obtaining a warrant,sending prior notice and without any indication or beliefevidence of serious,abuse or immediate danger. to a foster child.

54.    Plaintiff K.R. had a procedural due process expectation that Defendants would send notice and receive evidence of abuse or immediate danger to her before removing her from Plaintiff Ross's full legal care, custody, and control.

49.55.  Defendants and their agents Mary Klesius, Rebecca Sutton, LaTonya Cotton, and Kim Compton, violated Plaintiffs'Plaintiff K.R.'s right to procedural due process under the Fourteenth Amendment to the United States Constitution and Article 24 of the Maryland Declaration of Rights by removing Plaintiff K.R. from Plaintiffs'Plaintiff Ross's home the when Plaintiff K.R. was a minor child in pre-adoptive status under herPlaintiff Ross's full legal care, custody and control, without Plaintiff Ross'Ross's consent, without a warrant, and without evidence that Plaintiff K.R. was being abused or any indication or belief of serious,was in immediate danger. of serious harm.

50.56.  Defendant Helen Murray-Miller violated Plaintiffs'Plaintiff Ross's right to procedural due process under the Fourteenth Amendment to the United States Constitution by knowingly participating in the communication of false and negativehighly offensive information about Plaintiff Ross to The Arc that deprived Plaintiff of the property right to be included in the processconsidered as an application for a private foster care licensing. license.

51.57. As a result of Defendants' policies and actions, Plaintiffs'Plaintiffs are suffering irreparable harm for which there is no adequate remedy at law.

52.58. As a legal consequence of Defendants' violation of Plaintiff'sPlaintiffs' Fourteenth Amendment rights, as alleged above, Plaintiffs'Plaintiffs have suffered and continuescontinue to suffer ongoing and irreparable harm, isare under threat of future, repeated conduct from Defendants, and isare therefore entitled to injunctive and declaratory relief.

**FOURTH CAUSE OF ACTION**
**Count IV**
**VIOLATION OF THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION, AND
VIOLATION OF ARTICLE 24
OF THE MARYLAND DECLARATION OF RIGHTS
SUBSTANTIVE DUE PROCESS: PARENTAL RIGHTS**

53.59.  Plaintiffs'Plaintiffs hereby incorporate by reference all foregoing allegations as if set forth fully herein.

60.    Plaintiff Ross had a protected liberty interest in her relationship with Plaintiff K.R. because, at the time of the removal of Plaintiff K.R. on August 15, 2008,

      a.    Plaintiff K.R. was in a pre-adoptive relationship with Plaintiff Ross;

      b.    CCDSS and Defendant agents of CCDSS had already consented to Plaintiff Ross's adoption petition, by filing a written notice of consent with Cecil County Circuit Court on July 31, 2008;

      c.    Plaintiff K.R.'s natural parents' rights had already been terminated by court order;

      d.    Plaintiff K.R. had established a strong familial bond with Plaintiff Ross by living with Plaintiff Ross since March 2007, at approximately one (1) month of age, just after Plaintiff K.R. was born on February 17, 2007;

      e.    The court hearing to finalize Plaintiff K.R.'s adoption by Plaintiff Ross had already been set for August 20, 2008, just three (3) business days later; and

      f.    CCDSS and Defendant agents returned Plaintiff K.R. to Plaintiff Ross's possession before the August 20, 2008 hearing date.

54.61. Defendants and itstheir agents Mary, Defendants Klesius, Rebecca Sutton, Latonya Cotton, and Kim Compton, violated Plaintiff Ross'Ross's substantive due process parental rights under the Fourteenth Amendment to the United States Constitution and Article 24 of the Maryland Declaration of Rights by removing, Plaintiff K.R. from Plaintiff'sPlaintiff Ross's home, the when Plaintiff K.R. was a minor child in pre-adoptive status under her Plaintiff Ross's full legal care, custody and control, without Plaintiff Ross's consent, without a warrant, without sending notice, and without any indicationevidence that Plaintiff K.R. was being abused or belief of serious was in immediate danger. of serious harm.

55.62. As a result of Defendants' policies and actions, Plaintiffs'Plaintiffs are suffering

irreparable harm for which there is no adequate remedy at law.

~~56.~~63.  Furthermore, as a direct and proximate result of Defendant Klesius's actions in  initiating, authorizing, supervising, and directing the removal of ~~Plaintiff's~~Plaintiff Ross's minor child, and of ~~Rebecca~~Defendants Sutton, ~~Latonya~~ Cotton, and ~~Kim Compton~~Compton's actions in entering ~~Plaintiffs'~~Plaintiff Ross's home and removing ~~Plaintiff's minor child,~~ Plaintiff K.R., Plaintiff Ross is suffering emotional distress and great loss of personal wealth through legal expenses and depravation of future employment.

~~57.~~64.  As a legal consequence of Defendant Klesius's actions, as alleged herein, Plaintiff Ross is entitled to recover damages.

~~58.~~65.  As a legal consequence of Defendants' violation of ~~Plaintiff's~~Plaintiff Ross's Fourteenth Amendment rights, as alleged above, Plaintiff Ross has suffered and continues to suffer ongoing and irreparable harm, is under a threat of future, repeated conduct from Defendants, and is therefore entitled to injunctive and declaratory relief.

~~**FIFTH CAUSE OF ACTION**~~
**Count V**
**MARYLAND TORT CLAIMS ACT**
**BREACH OF CONFIDENCE**

~~59.~~66.  ~~Plaintiffs'~~Plaintiffs hereby incorporate by reference all foregoing allegations as if set forth fully herein.

~~60.~~67.  In accordance with the requirements and allowances of the Maryland Tort Claims Act, Maryland Code, State Government Article §§§ 12-101 ~~through 110,~~, *et seq.*, Plaintiff Ross herein files suit and claim against Defendants.

~~61.~~68.  The information regarding the investigations into Plaintiff Ross and ~~Plaintiff's~~her relationship with CCDSS~~,~~ is substantially confidential in nature.

~~62.~~69.  The substantially confidential nature of this information was made clear to Defendant Klesius by Plaintiff, ~~Plaintiff's~~ Ross, her attorney, the terms of the settlement agreement, and the instructions and order of the Court.

~~63.~~70.  Defendant Klesius and CCDSS had the opportunity to reject the terms of the settlement agreement.

~~64.~~71.  CCDSS and its agents, including Defendants, voluntarily accepted the terms of the agreement that the information regarding Plaintiff Ross would remain confidential.

65.72.  Defendants disclosed the confidential information in breach of confidence.

73.     Defendant Helen Murray-Miller, acting as an agent of both MDDHR and the CCDSS foster care authority, communicated to The Arc the false information, supplied to her by CCDSS, that Plaintiff Ross still had "unresolved issues" with CCDSS that would prevent The Arc from granting Plaintiff Ross a private license.

66.74.  The Arc used the confidential information improperly disclosed by CCDSS and its agents to deny Plaintiff Ross a home study.

67.75.  The disclosure of this information was the proximate cause for the denial.

68.76.  The disclosure of this information has caused Plaintiff Ross emotional distress, substantial investment in legal battles, and the loss of future prospects for employment.

69.77.  As a direct and proximate result of Defendants' policies and actions, Plaintiff Ross is suffering emotional distress, great loss of personal wealth through legal expenses, and depravation of future employment.

70.78.  As a legal consequence of Defendants' actions, as alleged herein, Plaintiff Ross is entitled to recover damages.

71.79.  As a legal consequence of Defendants' actions, as alleged above, Plaintiff Ross has suffered and continues to suffer ongoing and irreparable harm, is under a threat of future, repeated conduct from Defendants, and is therefore entitled to injunctive and declaratory relief.

**SIXTH CAUSE OF ACTION**
**Count VI**
**MARYLAND TORT CLAIMS ACT**
**NEGLIGENCE**

72.80.  Plaintiffs'Plaintiffs hereby incorporate by reference all foregoing allegations as if set forth fully herein.

73.81.  In accordance with the requirements and allowances of the Maryland Tort Claims Act, Maryland Code, State Government Article §§§ 12-101 through 110,, et seq., Plaintiffs herein file suit and claim against Defendants.

74.82.  Defendants had a duty to conduct their investigation andPlaintiffs to act in a manner that ensured Plaintiffs'Plaintiffs' Fourth and Fourteenth Amendment rights to privacy and due process were not violated and to ensure that Plaintiff Ross'Ross's Fourteenth Amendment parental rights were not infringed upon.

~~75.~~83.  Defendants and their agents ~~Mary,~~ Defendants Klesius, ~~Rebecca~~ Sutton, ~~LaTonya~~ Cotton, and ~~Kim~~ Compton, breached this duty when they entered onto ~~Plaintiffs'~~Plaintiff Ross's property and intruded into ~~Plaintiffs'~~Plaintiff Ross's home without ~~permission or~~ valid consent, a warrant ~~and without,~~ or any ~~indication~~probable cause or ~~belief of serious~~ evidence that the children were being abused or immediate danger of serious harm, thereby violating ~~Plaintiffs'~~Plaintiffs' Fourth Amendment right to privacy.

~~76.~~84.  Defendant ~~Tina~~ Linkous and other ~~defendants~~Defendants breached this duty on or about August ~~14~~15, 2008, when ~~Defendants~~ Defendant Linkous allegedly took an anonymous tip call ~~regarding~~from a prior foster child of Plaintiff Ross, and when ~~Ms.~~Defendant Linkous thereafter ~~participated in an unlawful inter-state investigation of Plaintiff, driving~~drove over two (2) hours into the Commonwealth of Pennsylvania~~,~~ in order to allegedly interview ~~the~~this foster child and call in to CCDSS details of the alleged "neglect" intended to advance the scheme of Defendants to retaliate against Plaintiff Ross by finding her in neglect and thereby removing her foster care license.

~~77.    Defendants and their agents ~~Mary,~~ Defendants Klesius, ~~Rebecca~~ Sutton, ~~LaTonya~~ Cotton, and ~~Kim~~ Compton, breached this duty when they removed the minor child in Plaintiff's full legal care, custody and control from Plaintiff's home and property without permission or a warrant and without any indication or belief of serious immediate danger.~~

~~78.~~85.  ~~Defendants and their agents Rebecca Sutton, LaTonya Cotton, and Kim Compton breached this duty when they~~ violated ~~Plaintiff's~~Plaintiff Ross's right to procedural due process under the Fourteenth Amendment to the United States Constitution and Article 24 of the Maryland Declaration of Rights by entering ~~her~~Plaintiff Ross's house and removing the children, including Plaintiff K.R., without ~~gaining Plaintiff's~~valid consent, without a warrant, ~~and~~ without ~~any indication~~probable cause, without sending notice, and without evidence of abuse or ~~belief of serious~~ immediate danger~~.~~ to a foster child.

86.    Defendants and their agents, Defendants Klesius, Sutton, Cotton, and Compton, breached this duty when they violated Plaintiff K.R.'s procedural due process rights under the Fourteenth Amendment to the United States Constitution and Article 24 of the Maryland Declaration of Rights by removing Plaintiff K.R. from Plaintiff Ross's home when Plaintiff K.R. was a minor child in pre-adoptive status under Plaintiff Ross's full legal care, custody and control, and without Plaintiff Ross's consent, without a warrant, and without evidence that Plaintiff K.R. was

being abused or was in immediate danger of serious harm.

79.    Defendants and their agents Mary, Defendants Klesius, Rebecca Sutton, LaTonya Cotton, and Kim Compton breached this duty when they violated Plaintiff's right to due process under the Fourteenth Amendment to the United States Constitution by removing, from Plaintiff's home, the minor child under her full legal care, custody and control without a warrant and without any indication or belief of serious immediate danger.

80.87.  Defendants and their agents Mary Klesius, Rebecca Sutton, LaTonya Cotton, and Kim Compton, breached this duty when they violated Plaintiff'sPlaintiff Ross's substantive due process parental rights under the Fourteenth Amendment to the United States Constitution and Article 24 of the Maryland Declaration of Rights by removing, Plaintiff K.R. from Plaintiff'sPlaintiff Ross's home, the when Plaintiff K.R. was a minor child in pre-adoptive status under herPlaintiff Ross's full legal care, custody and control, without Plaintiff Ross's consent, without a warrant, without sending notice, and without any indicationevidence that Plaintiff K.R. was being abused or belief of serious was in immediate danger. of serious harm.

81.88.  As a direct and proximate result of Defendants' policies and actions, through their agents, Plaintiff Ross is suffering emotional distress, great loss of personal wealth through legal expenses, and depravation of future employment.

82.89.  As a legal consequence of Defendants' actions, as alleged herein, Plaintiff Ross is entitled to recover damages.

83.90.  As a legal consequence of Defendants' actions, as alleged above, Plaintiff hasPlaintiffs have suffered and continuescontinue to suffer ongoing and irreparable harm, and isare under a threat of future, repeated conduct from Defendants, and isare therefore entitled to injunctive and declaratory relief.

**SEVENTH CAUSE OF ACTION:**
**Count VII**
**MARYLAND TORT CLAIMS ACT**
**FALSE LIGHT**

84.91.  Plaintiffs'Plaintiffs hereby incorporate by reference all foregoing allegations as if set forth fully herein.

85.92.  In accordance with the requirements and allowances of the Maryland Tort Claims Act, Maryland Code, State Government Article §§§ 12-101 through 110, Plaintiffs , et seq., Plaintiff

Ross herein ~~file~~files suit and claim against Defendants.

~~86.~~93.  Defendants cast Plaintiff Ross in a disparaging false light by allowing agents of CCDSS to ~~convey confidential~~publicize confidential, false, and highly offensive information regarding Plaintiff Ross by conveying that information to The Arc sometime before March 18, 2010.

~~87.~~94.  ~~Sometime~~On information and belief, sometime before March 18, 2010, ~~an agent of the CCDSS, as well as~~ Defendant Helen Murray-Miller, ~~participated in conveying information~~acting as an agent of both MDDHR and the CCDSS foster care authority, communicated to The Arc ~~which lead The Arc~~the false information, supplied to ~~conclude~~her by CCDSS, that ~~there were~~Plaintiff Ross still had "unresolved issues ~~between Plaintiff and~~" with CCDSS ~~which~~that would ~~disqualify~~prevent The Arc from granting Plaintiff ~~from~~Ross a ~~home study.~~private license.

95.     Defendant agent(s) of CCDSS and Defendant Helen Murray-Miller knew the information was false and/or acted with reckless disregard as to whether it was false, because they failed to call or contact Plaintiff Ross to confirm or deny the truth of the information before passing the information along to The Arc.

96.     The information was publicized by communicating it to The Arc, which is a large, regional organization.

~~88.~~97.  The conveyance of the information led The Arc to conclude that there were unresolved issues between Plaintiff Ross and CCDSS, which consequently placed Plaintiff Ross in a false light, since there were no such unresolved issues at that time~~.~~.

~~89.~~98.  ~~The assumptions of~~An allegation that mysterious "unresolved issues ~~that would prohibit~~" exist between an experienced and competent foster care provider, such as Plaintiff~~, from receiving~~ Ross, and a government social services department such that a private foster care agency denies even a standard home study ~~are embarrassing~~would be highly offensive to a reasonable ~~persons.~~person.

~~90.~~99.  As a direct and proximate result of Defendants' policies and actions, Plaintiff Ross is suffering emotional distress, great loss of personal wealth through legal expenses and depravation of future employment.

~~91.~~100.      As a legal consequence of Defendants' actions, as alleged herein, Plaintiff Ross is entitled to recover damages.

~~92.~~101.      As a legal consequence of Defendants' actions, as alleged above, Plaintiff Ross has suffered and continues to suffer ongoing and irreparable harm, is under a threat of future,

repeated conduct from Defendants, and is therefore entitled to injunctive and declaratory relief.

<del>EIGHTH CAUSE OF ACTION:</del>
Count VIII
MARYLAND TORT CLAIMS ACT
DEFAMATION

<del>93.</del>102.        <del>Plaintiffs'</del>Plaintiffs hereby incorporate by reference all foregoing allegations as if set forth fully herein.

<del>94.</del>103.        In accordance with the requirements and allowances of the Maryland Tort Claims Act, Maryland Code, State Government Article <del>§</del>§§ 12-101 <del>through 110, Plaintiffs</del>, *et seq.*, Plaintiff Ross herein files suit and claim against Defendants.

<del>95.</del>104.        <del>Sometime</del>On information and belief, sometime before March 18, 2010, Defendant <del>Riccuiti allowed</del> Helen Murray-Miller, acting as an agent of both MDDHR and the CCDSS <del>to offer, as a statement of fact,</del> <del>foster care authority, communicated to The Arc the</del> false information, supplied to <del>The Arc which led The Arc to conclude</del>her by CCDSS, that <del>there were</del> Plaintiff Ross still had "unresolved issues <del>between Plaintiff Ross and</del>" with CCDSS<del>, which</del> that would <del>disqualify Plaintiff</del> prevent The Arc from <del>a home study.</del>granting Plaintiff Ross a private license.

<del>96.</del>105.        This statement of fact was specifically about <del>the</del> Plaintiff Ross and the nature of her relationship with CCDSS.

<del>97.</del>106.        This statement of fact was conveyed to another, namely, The Arc.

<del>98.</del>107.        This statement of fact was false since Plaintiff Ross did not have any unresolved issues with CCDSS.

<del>99.</del>108.        This false statement of fact served to reflect negatively on Plaintiff Ross and served to present harm to <del>Plaintiff's</del>Plaintiff Ross's reputation.

<del>100.</del>109.        As a direct and proximate result of Defendants' policies and actions, Plaintiff Ross is suffering emotional distress, great loss of personal wealth through legal expenses, and depravation of future employment.

<del>101.</del>110.        As a legal consequence of Defendants' actions, as alleged herein, Plaintiff Ross is entitled to recover damages.

<del>102.</del>111.        As a legal consequence of Defendants' actions, as alleged above, Plaintiff has suffered and continues to suffer ongoing and irreparable harm, is under a threat of future,

repeated conduct from Defendants, and is therefore entitled to injunctive and declaratory relief.

**~~NINTH CAUSE OF ACTION:~~**
**Count IX**
**BREACH OF CONTRACT**

~~103.~~112.        ~~Plaintiffs'~~Plaintiffs hereby incorporate by reference all foregoing allegations as if set forth fully herein.

~~104.~~113.        On or about January 21, 2010, Defendants entered into a contract with Plaintiff Ross in the form of a settlement agreement, signed by CCDSS's counsel, which required them to maintain confidentiality regarding all of its dealings with Plaintiff and not to convey any negative or disparaging statements regarding Plaintiff.

~~105.~~114.        Sometime following this contract and, on information and belief, sometime before March 18, 2010, Defendant Helen Murray-Miller, acting as an agent of both MDDHR and the CCDSS ~~breached this contractual agreement by providing information~~ foster care authority, communicated to The Arc ~~which led The Arc~~ the false information, supplied to ~~conclude~~her by CCDSS, that ~~there were~~ Plaintiff Ross still had "unresolved issues ~~between Plaintiff and~~" with CCDSS ~~which~~that would ~~disqualify~~prevent The Arc from granting Plaintiff ~~from~~Ross a ~~home study.~~private license.

~~106.~~115.        Plaintiff was harmed by this breach of contract.

~~107.~~116.        CCDSS and its agents entered also into a contract with Plaintiff through the Maryland "Foster Parents Bill of Rights."

~~108.~~117.        Defendant ~~Riccuiti~~Ricciuti allowed CCDSS to breach this contract.

~~109.~~118.        Plaintiff was harmed by this breach of contract

~~110.~~119.        As a direct and proximate result of Defendants' policies and actions, Plaintiff is suffering emotional distress, great loss of personal wealth through legal expenses, and depravation of future employment.

~~111.~~120.        As a legal consequence of Defendants' actions, as alleged herein, Plaintiff Ross is entitled to recover damages.

~~112.~~121.        As a legal consequence of Defendants' actions, as alleged above, Plaintiff Ross has suffered and continues to suffer ongoing and irreparable harm and is entitled to injunctive and declaratory relief.

### TENTH CAUSE OF ACTION:
### VIOLATION OF ACT OF CONGRESS
### 42 U.S.C. § 1985(3)
### CIVIL CONSPIRACY

113.    Plaintiffs' hereby incorporate by reference all foregoing allegations as if set forth fully herein.

114.    Defendants Klesius, Linkous, and Siciliano, as supervisors and employees of CCDSS, and with knowledge of and participation in the unconstitutional removal of Plaintiff's children from her home, conspired together against Plaintiff.

115.    Defendants Riccuiti, Klesius, Linkous, and Siciliano, as supervisors and employees of CCDSS, together with Defendant Helen Murray-Miller, had knowledge of and participated in the disclosure of false, confidential, and damaging information about Plaintiff to a third party (The Arc).

116.    Defendants Tina Linkous and Mary Klesisus agreed together to remove Plaintiff's children from her home without permission, a warrant, or any indication or belief of serious, immediate danger to the children.

117.    Defendants Rebecca Sutton, Kim Compton, and Latonya Cotton took concerted action together to remove Plaintiff's children from her home without permission, a warrant, or any indication or belief of serious, immediate danger to the children.

118.    Defendants intended to deprive Plaintiff of the due process of the law by conspiring to remove her foster children from her home without permission, a warrant, or any indication or belief of serious, immediate danger to the children.

119.    Defendants intended to deprive Plaintiff of her parental rights by conspiring to remove her adoptive child from her home without permission, a warrant, a finding in the best interests of the child, or any indication or belief of serious, immediate danger to the child.

120.    Defendants intended with malice to deprive Plaintiff of due process of law by knowingly communicating and allowing to be communicated to a third party confidential and false information about Plaintiff that directly took from Plaintiff her right to be considered fairly for a position.

121.    Defendants took actions in furtherance of their conspiracy by actually removing Plaintiff's foster children and minor child K.R. from her home without permission, a warrant, or any indication or belief of serious, immediate danger.

122.    Defendants acted in furtherance of the conspiracy by actually communicating and allowing to be communicated confidential, false, and damaging information to The Arc, a third party.

123.    Defendants' actions harmed Plaintiff by depriving her of her right to due process in depriving her of her foster children.

124.    Defendants' actions harmed Plaintiff by depriving her of her parental rights in her adoptive child.

125.    Defendants' actions harmed Plaintiff by denying her due process of law by directly and maliciously disclosing information to obstruct her ability to obtain another position in foster care.

126.    As a legal consequence of Defendants' actions, as alleged herein, Plaintiff is entitled to recover damages.

127.    As a legal consequence of Defendants' actions, as alleged above, Plaintiff has suffered and continues to suffer ongoing and irreparable harm and is entitled to injunctive and declaratory relief.

**ELEVENTH CAUSE OF ACTION:**
**Count X**
**VIOLATION OF FIRST AMENDMENT**
**OF THE UNITED STATES CONSTITUTION**
**FREEDOM OF SPEECH**

128.122.    Plaintiffs'Plaintiffs hereby incorporate by reference all foregoing allegations as if set forth fully herein.

129.123.    All acts alleged herein of Defendants were done under the color and pretense of statutes and regulations of the State of Maryland.

130.124.    Defendants' actions of removing Plaintiff Ross'Ross's children and promulgating false, confidential, and damaging information against her were initiated by Plaintiff'sin retaliation against Plaintiff Ross's expression of her opinion of the financial conduct of CCDSS that she believed was illegal.

125.    Defendant Klesius and Defendants knew that Plaintiff Ross was scheduled to enter the

position of President of the Cecil County Foster Care Association on August 15, 2008, thereby gaining access to the financial records of the organization, including those records detailing activity of Defendant Klesius that Plaintiff Ross had alleged was illegal.

126.   Defendant Klesius and Defendants took action on August 15, 2008, to remove Plaintiff Ross's children and begin the process to suspend her license.

127.   Defendants took this action in direct retaliation for Plaintiff Ross's expressed opinion regarding Defendant Klesius's financial stewardship and in order to chill her speech.

131.128.      Defendant's actions and policies of squelching expression like Plaintiff's arewere not narrowly tailored to serve any compelling state interest, arewer not content-neutral, and arewere not reasonable time, place, or manner restrictions.

132.129.      Defendants' policies and actions towards Plaintiff'sPlaintiff Ross's expression and similar expression arewere unconstitutional prior restraints on speech because they affordafforded county officials such as Defendant Ricciuti, DefendantDefendants Ricciuti, Klesisus, and Defendant SicilianoSiciliano, broad and unbridled discretion, and because they dodid not contain any procedural safeguards necessary for a speech-related permitting scheme.

133.130.      Defendants' policies and actions arewere unconstitutionally overbroad and havehad a chilling effect on the free speech rights of Plaintiff Ross and others similarly situated but not before this Court.

134.131.      As a legal consequence of Defendants' actions, as alleged herein, Plaintiff Ross has experienced the chilling of her speech and retaliation for her speech, and is entitled to recover damages.

135.132.      As a legal consequence of Defendants' actions, as alleged above, Plaintiff Ross has suffered and continues to suffer ongoing and irreparable harm and is entitled to injunctive and declaratory relief.

**WHEREFORE**, Plaintiff prays for Plaintiffs request this Honorable Court enter judgment against Defendants and that the Court:as follows:

A. Adjudge, decree and declare the rights and other legal relations of the parties to the subject matter and claims in controversy in order that such declarations shall have the force and effect of final judgment and that the Court retain jurisdiction of this matter for the purpose of enforcing the Court's Orders;

B. Pursuant to 28 U.S.C. § 2201, declare that the Defendants' laws, policies and

practices, as alleged above, violate the Fourth and Fourteenth Amendments to the United States Constitution;

C. Pursuant to 28 U.S.C. §_2202, Fed. R. Civ. P. 65, and 42 U.S.C. §_1983, preliminarily and permanently enjoin all Defendants from continuing their unconstitutional actions and enforcing their unconstitutional policies against Plaintiff and others similarly situated;

D. Pursuant to 42 U.S.C. §_1988 and other applicable law, award ~~Plaintiff her~~Plaintiffs their costs and expenses incurred in bringing this action, including ~~her~~ reasonable attorneys' fees;

E. Pursuant to the Maryland Tort Claims Act, Maryland Code, State Government Article §§§ 12-101 ~~through 110~~, *et seq.*, award ~~Plaintiff~~Plaintiffs compensatory damages against Defendants sued in their individual capacities, for the damages suffered in violation of federal and state law in an amount to be determined by a jury; and

F. Pursuant to the Maryland Tort Claims Act, Maryland Code, State Government Article §§§ 12-101 ~~through 110~~, *et seq.*, award ~~Plaintiff~~Plaintiffs punitive damages as against Defendants sued in their individual capacities;

G. In the ALTERNATIVE, if the Court finds insufficient settled precedent in Maryland to decide any of the above counts, certify said count to the Maryland Court of Appeals for resolution; and

~~G.~~H.   Grant such other and further relief as the Court deems equitable, just and proper.

**~~VERIFICATION~~**

~~I DO HEREBY AFFIRM, CERTIFY AND VERIFY that the foregoing Complaint is true and accurate to the best of my knowledge and belief.~~

~~/S/~~

~~Betsy Ross, Plaintiff~~

Respectfully Submitted,

THE COX LAW CENTER, LLC


BY:   /S/_____

                Daniel L. Cox, Esquire
                The Cox Law Center, LLC
                104 North Court Street
                Frederick, Maryland 21701
                Telephone: 301.631.9454
                Facsimile: 301.631.9358
                Email: dcox@coxlawcenter.com
                *Attorney for the Plaintiff*

## **VERIFICATION**

I DO HEREBY AFFIRM, CERTIFY AND VERIFY that the foregoing Second Amended Complaint is true and accurate to the best of my knowledge and belief.


            /S/_____
            Betsy Ross, Plaintiff


## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of December, 2011, a true and accurate copy of the foregoing Second Amended Complaint was served, via electronic mail, upon Bradley J. Neitzel, Assistant Attorney General, 311 West Saratoga Street, Suite 1015, Baltimore, Maryland 21201, bneitzel@oag.state.md.us.


_____/s/_____
_____Daniel L. Cox