Betsy Ross
122 Mincing Lane
Elkton, MD 21921

June 18, 2009

Delegate Richard A. Sossi
House Office Building, Room 215
6 Bladen Street
Annapolis, MD 21401

Dear Delegate Sossi:

As an elected official interested in protecting the rights of your constituency, this letter is being sent to make you aware of certain detrimental practices that take place within the Foster Care and Child Protective Services divisions of the Department of Human Resources. While most individuals employed by these agencies are diligent about fulfilling their responsibilities, many fail to do so. By making you and your colleagues aware of the problem, I trust you will work to ensure that not only in Cecil County, but all DSS/CPS offices and employees are held accountable to upholding appropriate and legal actions regarding Foster Parents and their rights, along with the protection and legal rights for the children placed in their care.

Since 2004, I have been a foster parent in Cecil County and provided cared for over sixteen children. In 2006, I was selected as Foster Parent of the Year. In May 2008 I adopted my son through Cecil County DSS. In September, 2008, I was elected as President of the Cecil County Foster Parent Association. In August I was scheduled to adopt my daughter, through DSS, but that was postponed by the agency until October 2008. In May, I went to Reno, Nevada, as a Foster Parent representative for the State of Maryland to the National Foster Parent Conference. Serving children as a foster parent is a position I take very seriously and providing a loving and nurturing environment for the children placed in my care is of utmost concern to me.

Unfortunately, when I was elected President of the Foster Parent Association, some individuals became disgruntled and I have been subjected to retaliatory actions since that time. Based solely on allegations of neglect, five of six children in my care were immediately removed from my home (one of whom was in pre-adopt status and approximately five days from finalization). My son, whom I previously adopted, was left in my care. Representatives of our local Department of Social Services CPS division came to my home on Friday afternoon, without a warrant or other court order, and removed the children. This experience was traumatic for everyone involved. After an investigation was conducted, these allegations were found to be unsubstantiated. Because I refuse to accept having a blemished record with Social Services, I appealed their decision in order to have the allegations ruled out rather than labeled "unsubstantiated." This choice was made in an attempt to have inflammatory information removed from my case file. Until my appeal is decided, no children will be placed in my home – in spite of the fact there is a shortage of county foster home and, as a result, children are being placed in homes outside the county, away from their neighborhoods and schools, and, where visitation with family members is much more difficult.

**EXHIBIT A**

The way these children were suddenly, and without merit, removed from my home is a violation of the Foster Parents Bill of Rights. While this situation specifically involved me and the children in my care, I am certain this case is not the only time Cecil County authorities have violated Article #9, which states, "The right to be given reasonable written notice, waived only in cases of a court order or when a child is determined to be an imminent risk of harm, of (I) plans to terminate the placement of a child with a foster parent; and (II) the reasons for the change or termination of placement." CPS will, most likely, attempt to claim that the children were in imminent danger. However, these children had been in my home for nine months without incident. Furthermore, if they somehow determined there was a safety issue for all the children in my care, why would they remove five children and leave a two year old, previously adopted from their agency, behind?

My rights as a foster parent were violated and the rights of the children to have security and safety were jeopardized. When these children were removed from my home, no safety plan had been considered, no interview with me had been held, no investigative action had been taken – the children were simply removed as a result of an alleged complaint and as a "precautionary action." Even the attorneys, which are provided to each of these children in Protective Custody, were not made aware that the children had been moved until several days later.

Additionally, and more disturbing, is the violation of my Constitutional Rights to protection against unlawful search and seizure. While local law may provide for entry in such a manner, the Constitution of the United States of America still requires any legal agency have a warrant before they enter a residence and search and seize anything from that residence. As a foster parent, I had the legal right to insist upon a warrant, however, none of the county provided training ever made me, or any of the other foster parents, aware of that fact. Statistics show that by not insisting on warrants, Foster Parent's are subjected to Law Enforcement Officers entering their homes and illegally searching and seizing children and/or belongings on a regular basis in this county and the rest of the country.

When matters such as these arise, Social Services and the children in their care are provided attorneys, paid for by taxpayers such as myself, while the foster parents are left to fend for themselves, hire attorneys at their own expense, and, often deal with financial distress, as a result. Additionally, they face the ruin of an otherwise unblemished reputation which can jeopardize jobs and, as you might imagine, is even more of a problem in small towns and rural areas where confidentiality often gives way to camaraderie and close relationships with non-involved persons.

The children in my care were removed on August 15, 2008. The investigation was completed and results made available on September 18, 2008. My second child was returned to me and her adoption was finalized on October 15, 2008. My appeal is dated February 2009. However, the hearing on this matter is not scheduled until July 2009 (if it is not changed again) and, in the interim period, no children have been, nor will be, placed in my care as a means of retaliation.

# EXHIBIT A

My goal is to enlist your help in holding these agencies accountable to –

- Fair and legal investigations of foster parents when allegations are made
- Respectful and honest dealings between Social Workers, Department Representatives and the Foster Parents as stipulated in the Foster Parents Bill of Rights
- Respect of the security of placement for children unless it is deemed that they are in imminent danger
- Upholding of Constitutional Rights for Foster Parents and the children they provide care for
- Timely completion of investigations, along with timely and appropriate notification to the foster parent and/or their attorneys
- Refraining from retaliation when DSS/CPS representatives are dissatisfied with personal actions of the foster parent (ie – running for office) or when an appeal of a DSS/CPS decision is filed

Thank you, very much, for taking the time to read this and for taking any action you may deem appropriate to help protect the rights of Foster Parents and the children they care for.

Very truly yours,

*Betsy Ross*

Betsy Ross

**EXHIBIT A**