IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BETSY ROSS, *et al.*,           *

    Plaintiffs,           *

v.                              *     Civil Action No. 1:11-CV-00181-WDQ

NICHOLAS RICCUITI, *et al.*     *

                                   *

    Defendants.         *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF MARY KLESIUS

I, Mary Klesius, hereby solemnly affirm that:

1. I am over 18 years of age, competent to testify, and have personal knowledge of the facts set forth herein.

2. The foster children removed from Betsy Ross's home on August 15, 2008, were removed solely due to allegations of neglect that indicated a serious risk to the health and safety of the children. The decision, which was a team decision, was undertaken after consultation with Barbara Siciliano, as well as caseworkers for children placed in Ms. Ross's home.

3. The allegations included: Ms. Ross was leaving the children unattended in the family pool and one child almost drowned, she was leaving an 8-year-old child to care for her younger siblings as well as other foster care children, a foster child being exposed to sexual behaviors of Ms. Ross's teenage daughter, and a foster care child falling down the stairs.

4. With the exception of Plaintiff K.R., the foster children in Betsy Ross's home were

-1-

placed in her home pursuant to a plan of reunification with the children's natural parents and not a plan of adoption by Ms. Ross.

5. At the time of the removal of the children, I knew that Ms. Ross was interested in running for president of the Foster Parent Association, and that elections for the Association were to be held in September 2008.

6. Ms. Ross came to Cecil County Department of Social Services for a scheduled meeting to talk about the upcoming elections. Prior to attending the meeting, I advised Ms. Ross that the Department had received a Child Protective Services investigation regarding her foster home, and that the foster children would be removed later that day. I then introduced Ms. Ross to Rebecca Larson, who was assigned to the investigation.

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE THAT THE CONTENTS OF THE FOREGOING PAPER ARE TRUE.

2/14/12
Date

Mary Klesius