IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BETSY ROSS, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:11-CV-00181-CCB |
| CECIL COUNTY DEPARTMENT, OF SOCIAL SERVICES, *et al.*, | * | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO STRIKE PLAINTIFF'S DESIGNATED EXPERT WITNESS

Defendants, by and through their undersigned counsel, submit this Reply Memorandum in Support of Defendants' Motion In Limine to Strike Plaintiff's Designated Expert Witness. Defendants seek an order striking Plaintiff's expert and precluding her from testifying because she will not assist the jury in resolving disputes of material facts.

### ARGUMENT

**I.  PLAINTIFF'S EXPERT DESIGNATION SHOULD BE STRICKEN BECAUSE THE PROFFERED EXPERT TESTIMONY REGARDING DEFENDANTS' ALLEGED NEGLIGENCE IS IRRELEVANT.**

The issues to be resolved at trial are whether 1) the plaintiff engaged in protected speech, 2) the defendants engaged in a retaliatory activity that adversely affected the plaintiff's protected speech right, and 3) there is a causal relationship between the

plaintiff's protected speech and the Defendants' actions. (ECF No. 112 at 21.) Plaintiff is entitled to a trial on the elements of her claim; she is not entitled to present irrelevant evidence. Nevertheless, Plaintiff seeks to offer the testimony of an expert witness to prove that the Defendants allegedly were negligent in the manner they conducted a child neglect investigation, which, even if true, has no bearing on the retaliation claim. The Court already has granted the Defendants summary judgment on Plaintiff's negligence claim. (ECF No. 112, 33-34.) Thus, the admission of expert testimony on whether Defendants conducted a negligent investigation can serve no other purpose than to improperly resurrect this claim and confuse the jury. Plaintiff, in her Response in Opposition to Defendants' Motion In Limine to Strike Plaintiff's Designated Expert Witness, does not even attempt to explain how her proffered expert's testimony about Defendants' alleged negligence could be relevant to her First Amendment retaliation claim. This Court must strike Plaintiff's expert designation and preclude her testimony on this basis alone.

## II. PLAINTIFF'S EXPERT DESIGNATION SHOULD BE STRICKEN BECAUSE THE PROFFERED EXPERT TESTIMONY CANNOT HELP THE JURY EVALUATE THE RELIABILITY OF A PARTY'S TESTIMONY.

With regard to Plaintiff's proffer of expert testimony to opine about a defendant's credibility, this testimony should also be excluded. Plaintiff cites two cases to support her argument that her expert should be allowed to testify as to the credibility of Defendant Tina Linkous. The first case, *United States v. Harris*, 995 F.2d 532 (4th Cir. 1993), does not support admission of expert testimony for this purpose. Plaintiff incorrectly asserts, in her discussion of Rule 702, that *Harris* gives the trial court discretion to admit expert

testimony "that is considered to be 'common knowledge of the jurors.'" (ECF No. 157 at 3.) To the contrary, *Harris* restated the rule that "expert testimony on matters that are within the common knowledge of jurors, almost by definition, can be of no assistance to a jury." *Harris*, 995 F.2d at 534, citing *Scott v. Sears, Roebuck & Co.,* 789 F.2d 1052, 1055 (4th Cir.1986). Furthermore, Plaintiff does not explain why she cannot accomplish through cross-examination that which she attempts to accomplish through expert testimony. In *Harris*, the Court found that cross-examination provided sufficient opportunity for the criminal defendant in that case to attack the credibility of witnesses such that expert testimony regarding credibility was unnecessary. *Harris*, 995 F.2d at 536. There is no support for Plaintiff's contention that 4th Circuit precedent permits an expert to discredit a party's testimony by opining on "the reliability of recalling interview content." (ECF No. 157 at 6.) To the contrary, in *United States v. Lespier*, the court held that "in the absence of unusual circumstances, Rule 702 renders inadmissible expert testimony on issues of credibility." *United States v. Lespier*, 725 F.3d 437, 449 (4th Cir. 2013.)

Finally, and as also set forth above with regard to the expert's opinion that Defendants were negligent, Plaintiff does not even attempt to explain the relevance of evidence about "the reliability of interactions between social workers and children[,]" and "the reliability of recalling interview content[.]" Relevance is determined based on the material facts that are in dispute. And the material factual dispute here is whether Defendants manufactured child neglect allegations to retaliate against Plaintiff. *See* Memorandum Opinion granting in part and denying in part Defendants' Motion for

Summary Judgment. (ECF No. 112 at 24.) Whether Defendant Tina Linkous had unreliable interactions with a child and unreliable recall of interview content does not tend to prove or disprove that the neglect report was manufactured, i.e. that *no* child neglect report was made.

Even if evidence of unreliable interactions and recall had some peripheral relevance, which it does not, this would not be sufficient to allow such evidence. The proposed expert testimony would confuse the jury and require Defendants to defend conduct that is unrelated to Plaintiff's claim of retaliation. Plaintiff's Opposition does not respond at all to Defendants' objection to the proffered evidence on the basis that the evidence is more prejudicial than probative.

### III. IT IS APPROPRIATE FOR THIS COURT TO PRECLUDE SUBMISSION OF EVIDENCE AT TRIAL THAT PLAINTIFF ADMITS SHE UNTIMELY DISCLOSED.

Plaintiff concedes, as she must, that Defendants timely objected to Plaintiff's defective expert designation in July 2013. (ECF Nos. 84; 157 at 4.) This Court has already considered Plaintiff's argument that her late disclosure is justified, and it did not permit her to delay her designation indefinitely. Plaintiff explains that this Court provided several extensions of the discovery deadline for the purpose of allowing Plaintiff to cure her defective designation such that a deposition could take place. (ECF No. 157 at 4.) Plaintiff admits that she failed to cure the defective designation within the timeframe set by this Court to do so. (ECF No. 157 at 5.) Plaintiff was fully apprised that Defendants contested her expert designation, but she did not seek reconsideration of this Court's decision to terminate discovery on September 23, 2013. There is no basis for Plaintiff's

claim that Defendants' motion *in limine* on the matter is untimely and improper. Plaintiff's delay was not excusable; Defendants have moved *in limine* to strike Plaintiff's expert within the timeframe established by this Court.[1]

## CONCLUSION

This Court should strike Plaintiff's expert witness designation and preclude her from testifying at trial.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland


/s/
ANN M. SHERIDAN, BAR NO. 11137
Assistant Attorney General
311 West Saratoga Street, Suite 1015
Baltimore, Maryland 21201
ann.sheridan@maryland.gov
(410) 767-2124
Fax No. (410) 333-0026


/s/
HILMA J. MUNSON, BAR NO. 29580
Assistant Attorney General
311 West Saratoga Street, Suite 1015
Baltimore, Maryland 21201
hilma.munson@maryland.gov
(410) 767-7351
Fax No. (410) 333-0026

Counsel for Defendants

---

[1] Plaintiff repeatedly cites *Bocock v. Specialized Youth Services of Virginia*, 2015 US Dist. Lexis 144598 (W.D. Va.) to support her argument that this Court should permit her to present the testimony of her improperly designated expert. *Bocock* concerns a Rule 12(b)(6) motion that has no application to her argument.